34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Lee GILLIAM, Defendant-Appellant.
 No. 93-5812.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 5, 1994.
Decided August 12, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CR-90-7-B)
 Donald Edward Earls, Norton, VA, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roy Gilliam appeals from the district court's finding that no actual conflict of interest existed based on trial counsel's representation of Gilliam and his father during consideration of a plea offer. Because we find that Gilliam's interests were not adversely affected by counsel's performance, we affirm.
 
 
 2
 Roy Gilliam (Roy) and his father, Elic Gilliam (Elic), were convicted by a jury of several counts of money laundering and drug trafficking. Both men were represented by attorney Thomas Rasnic at trial. On appeal, this Court remanded Roy's case to the district court for a hearing pursuant to Fed.R.Crim.P. 44(c). See United States v. Gilliam, 975 F.2d 1050, 1054 (4th Cir.1992). On direct appeal Roy asserted that he wanted to accept a plea offer extended by the prosecution during trial but was hindered by Rasnic's representation of both him and his father. Id. at 1053-54. The purpose of the remand was to determine if Rasnic's dual representation created an actual conflict of interest regarding his advice on the plea offer. Id. After the hearing, in a well-reasoned opinion, the district court found that no conflict of interest existed.[1]
 
 
 3
 To succeed in establishing ineffective assistance of counsel based on an actual conflict of interest a claimant must prove that counsel took action on behalf of one client and that the action adversely affected the defense of the other. United States v. Tatum, 943 F.2d 370, 376 (4th Cir.1991). An attorney's performance has been adversely affected when the attorney actively pursued conflicting interests. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). The inquiries into whether an actual conflict of interest existed and whether it adversely affected the representation are "fact based inquiries that often will be intertwined." United States v. Swartz, 975 F.2d 1042, 1048 (4th Cir.1992). At the hearing, Roy testified that he and his father discussed the offer alone together, agreed not to take it, and informed Rasnic of their decision. He also testified that he never asked to speak with Rasnic alone about the plea, but that he told Rasnic that he wanted to accept it. Rasnic testified that Roy never came out and told him he wanted to accept the plea offer, but that he suspected that Roy wanted to do so. Rasnic also testified that he recommended that Roy and Elic accept the plea because it was a good offer and discussed the potential conflict issue with them. Additionally, Rasnic stated that it was his impression that the plea offer was an all or nothing deal requiring both men to accept it.[2] The prosecuting attorney, Jerry Kilgore, testified that the plea was intended to end the trial and was a joint plea offer only. He further stated that he would not have negotiated a separate deal with Roy if Rasnic had approached him about negotiating a plea for Roy alone. Hence, because there was no possibility for Roy to enter a plea without his father's cooperation, and Roy declined to take the plea over his attorney's recommendation, no actual conflict of interest existed and Roy's interests were not adversely affected by Rasnic's dual representation.
 
 
 4
 Therefore, we affirm the district court's order denying Roy's claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although the district court's opinion addressed Rasnic's representation at the trial as a whole, this issue was not before the court on remand. Gilliam, 975 F.2d at 1054. To the extent the issue was addressed by the district court, a review of the record reveals that the finding that no conflict existed was proper. Both Roy's and Elic's defense theories were a denial of the accusations; hence, Rasnic was capable of effectively presenting these theories to the jury. See United States v. Ramsey, 661 F.2d 1013, 1019 (4th Cir.1981) (no actual conflict of interest where attorney represents three defendants, two of which pursued defense theories of complete innocence and one of which claimed conspiracy was a hoax), cert. denied, 455 U.S. 1005 (1982). Additionally, hearing testimony revealed that Rasnic objected to almost all the evidence on behalf of both clients
 
 
 [2]
 Although Roy implied at the hearing that he did not know that the plea was a joint offer only, this does not create a conflict of interest. The evidence shows that Roy ultimately decided to decline the plea over Rasnic's recommendation and his own inclination to take it. Additionally, the plea was not available if Elic did not accept it too, and the record is clear that Elic did not want to plead guilty